IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUBREY LOCKE,<br><br>                           Plaintiff,<br><br>v.<br><br>TRANSUNION, LLC, a Delaware limited liability company, NORTHERN ILLINOIS GAS COMPANY, an Illinois corporation,<br><br>                           Defendants. | Docket No.: 08 CV 1653<br><br>Judge Der-Yeghiayan<br>Magistrate Judge Nolan<br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Now comes the Defendant, Northern Illinois Gas Company ("Nicor"), through its attorneys in this matter, Mark Roth and Beata Bukranova of Orum & Roth, LLC and for its Answer to Plaintiff's Complaint and for its Affirmative Defenses states as follows:

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 *et seq.* (hereinafter "Fair Credit Reporting Act" or "FCRA"), and of state law obligations brought as supplemental claims.

Answer:     **Defendant denies that it violated the Fair Credit Reporting Act and state law, and further denies any remaining allegations.**

2. Plaintiff, Aubrey Locke (hereinafter "Locke") is an individual residing at 18075 Whitman Lane, Lansing, Illinois 60438. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the FCRA.

Answer:     **Defendant admits that Plaintiff is a "consumer" as defined by the Act. Defendant denies any remaining allegations.**

3. TransUnion LLC, (hereinafter "TransUnion"), is a Delaware limited liability company licensed to do business in the state of Illinois.

1

Answer: **Under information and belief, Defendant admits.**

4. TransUnion is a "consumer reporting agency," as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in Section 1681 a(d) of the FCRA, to third parties.

Answer: **The allegations contained in paragraph 4 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

5. Northern Illinois Gas Company (NICOR) is an Illinois corporation with its principal place of business in Naperville, Illinois.

Answer: **Admits.**

6. This Court attains jurisdiction over this action pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of pendant jurisdiction. <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966). Venue lies in the Northern District of Illinois, Eastern Division as Plaintiff's claims arose from acts of the Defendants perpetrated herein.

Answer: **The allegations contained in paragraph 6 are legal conclusions and Defendant denies the allegations.**

## FACTUAL ALLEGATIONS

7. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the Defendants.

Answer: **Denies.**

8. On or about June 2004, Locke vacated the premises located at 1425 Schilling Avenue, Chicago Heights, Illinois 60411 (hereinafter "Chicago Heights property").

    At the time Locke vacated his premises, he contacted NICOR to disconnect all services at that property.

Answer:  **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

9.  On or about August 2004, NICOR sent notice to the Locke family that states "as you requested, your gas service has been turned off." Attached hereto as Exhibit "A" is the NICOR notice regarding termination of services at the Chicago Heights property dated August 3, 2004.

Answer:  **Admits.**

10.  On or about July 2004, Mr. Locke rented the Chicago Heights property to Ms. Phyllis Pointer and Mr. Lester Turner (hereinafter "tenants"), with the express provision that tenants pay all utilities. Attached hereto as Exhibit "B" is the lease agreement between Aubrey Locke and Phyllis Pointer dated July 1, 2004.

Answer:  **Defendant has insufficient information to admit or deny the allegations and therefore denies the allegations.**

11.  Consequently, Mr. Locke obtained a Court order regaining possession of the Chicago Heights Property on March 15, 2007. Attached hereto as Exhibit "C" is the Court Order for Possession dated March 15, 2007.

Answer:  **Defendant has insufficient information to admit or deny the allegations and therefore denies the allegations.**

12.  On or about June 2007, Plaintiff received a bill at his current residence in his wife's name for services provided at the Chicago Heights property in the amount of $2,315.51. Attached hereto as Exhibit "D" is the NICOR bill received by Plaintiff in June 2007.

Answer:  **Defendant admits that Exhibit "D" is a copy of a bill in the amount of $2,315.51. Defendant denies any remaining allegations.**

13. As a result, on or about June 11, 2007, Plaintiff sent a letter to NICOR stating that he was not responsible for the bill since those charges were the responsibility of the tenants. In addition, Plaintiff sent another letter to NICOR stating the same on or about June 15, 2007. Yet another letter was sent on behalf of Mr. Locke by his then attorney, Ronald D. Babb, on or about June 19, 2007. Attached hereto as Exhibit "E" are three letters sent by the Plaintiff to NICOR regarding the billing error in June 2007.

Answer:  **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

14. Neither Mr. Locke nor his counsel received a response to the letters sent to NICOR in June 2007.

Answer:  **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

15. Subsequently, as a result of NICOR's failure to correct Mr. Locke's account, his account was sent to collections.

Answer:  **Defendant admits that the account was sent to collections but denies the remaining allegations.**

16. On or about August 30, 2007 Mr. Locke sent a letter to NCO Financial Systems, Inc. (NICOR's collection agency) stating that the debt was not his and he attached a letter explaining that the debt belonged to the tenants. Attached hereto as Exhibit "F" is the letter from Mr. Locke to the collection agency dated August 30, 2007.

Answer:  **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

17. Consequently, on or about October 2, 2007, NCO Financial Systems, Inc. sent a letter to Mr. Locke stating that his account was closed in their office and that the collections agency had not reported the account to a credit bureau. Attached hereto as Exhibit "G" is the letter from the collections agency to Mr. Locke regarding his account dated October 2, 2007.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

18. Nonetheless, as a result of NICOR's failure to properly notate Mr. Locke's account, his account was reported to the credit reporting agencies as being in collections.

Answer:     **Defendant does not have report to any credit reporting agencies other than TransUnion. Defendant denies remaining allegations.**

19. Before the NICOR account appeared on Mr. Locke's credit report, his TransUnion credit rating was 705.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

20. On or about June 15, 2007, the NICOR account appeared on Mr. Locke's credit report as an outstanding credit and his TransUnion score fell to 693.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

21. On or about June 15, 2007 Mr. Locked transmitted a request for investigation to TransUnion. TransUnion verified the credit and did not take any action to make changes or investigate further. Attached hereto as Exhibit "H" are the documents forwarded to TransUnion on June 15, 2007.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

22. Finally, on or about August 14, 2007 and after the NICOR account was sent to collections, Mr. Locke's credit score plummeted to 620.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

23. On or about November 28, 2007, our offices sent another request for reinvestigation to TransUnion on behalf of Mr. Locke. As part of the request, we attached supporting documents proving that Mr. Locke was not in possession of the property at the time the charges were incurred, that he was not responsible for those charges, that NICOR confirmed to Mr. Locke in August 2004, that the account has been deactivated and that Mr. Locke did not regain possession of the Chicago Heights property until March 15, 2007. Attached hereto as Exhibit "I" is the dispute request and supporting documentation submitted on Mr. Locke's behalf on November 28, 2007.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

24. Mr. Locke's dispute with TransUnion was also copied to NICOR, putting the latter on notice of the erroneous entry for a NICOR account that remained on Mr. Locke's credit report (see Exhibit "J").

Answer:     **Denies.**

25. TransUnion's investigation results, as set out in a letter dated January 9, 2008, state "verified, no change". Attached hereto as Exhibit "K" is the TransUnion response letter and latest TransUnion credit report.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

26. Despite the fact that Mr. Locke had confirmation from NICOR's collection company that as of October 2, 2007, the collections account was closed, the TransUnion credit report still showed the NICOR charge as an "Adverse Account." (see Exhibit "J").

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

27. NICOR has simply reverified the erroneous reporting to TransUnion, which in turn kept the information on Mr. Locke's credit report without any further investigation, based on the evidence provided by Mr. Locke.

Answer:     **Denies.**

28. TransUnion failed in its duties to properly reinvestigate the claims by Plaintiff.

Answer:     **The allegations contained in paragraph 28 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

29. Mr. Locke is a mortgage broker/real estate investor who obtains bank loans and lines of mortgage on a regular basis. Consequently, Mr. Locke's credit rating and his ability to obtain loans have suffered tremendously.

Answer:     **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

30. As a result of the derogatory information reported by NICOR, Plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts and was only able to obtain credit at higher interest rates. Plaintiff has sustained actual damages, including pecuniary loss.

Answer:    **Defendant does not have sufficient information to admit or deny the allegations and therefore denies the allegations.**

## Count I
## Violation of the Fair Credit Reporting Act
## Against TransUnion LLC

31. Plaintiff realleges and incorporates by reference paragraphs 1 to 30 of this complaint as though fully set forth herein.

Answer:    **Defendant restates and reincorporates the answers to allegations contained in paragraphs 1 through 30 as and for the answer to the allegation contained in paragraph 31 as if fully set forth herein.**

32. At all times relevant herein 15 U.S.C. §1681 et seq. was in full force and effect.

Answer:    **Admits.**

33. In this action, Defendant, TransUnion, issued, assembled, transferred and otherwise reproduced multiple "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act.

Answer:    **The allegations contained in paragraph 33 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

34. From June 2007 through the present time period, Defendant TransUnion has continually added, stored, maintained and disseminated personal and credit information about the Plaintiff which is false, erroneous and misleading without employing procedures to ensure the maximum possible accuracy of the information disseminated.

Answer:   **The allegations contained in paragraph 34 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

35. Defendant TransUnion failed to employ reasonable procedures to timely and properly investigate the accuracy of the negative credit entries upon being notified of Plaintiff's objection to such entries and Plaintiff's request that such information be deleted.

Answer:   **The allegations contained in paragraph 35 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

36. Defendant TransUnion failed to employ reasonable procedure to timely and properly reinvestigate the negative credit entries on Plaintiff's credit report after being notified by Plaintiff that negative and false entries remained on Plaintiff's credit report.

Answer:   **The allegations contained in paragraph 36 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

37. Defendant TransUnion failed to properly and timely delete the negative credit entry after Mr. Locke provided sufficient proof that the NICOR account did not belong to him.

Answer:   **The allegations contained in paragraph 37 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

38. Defendant TransUnion, through its action and inaction and in violation of the Fair Credit Reporting Act, caused great and irreparable injury to Plaintiff by willfully and/or negligently violating the provisions of the FCRA in the following respects:
    a. Willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;
    b. Willfully and/or negligently failing to comport with FCRA section 1681i;
    c. Defaming plaintiff by publishing to third parties false information regarding his creditworthiness;
    d. Invading the privacy of plaintiff;
    e. Failing in its duty to prevent foreseeable injury to plaintiff.

Answer:   **The allegations contained in paragraph 38 are not directed against this Defendant and this Defendant makes no answer thereto. To the extent that an answer is required, Defendant denies the allegations.**

## Count II
## Violation of the Fair Credit Reporting Act
## Against Northern Illinois Gas Company

39. Plaintiff realleges and incorporates by reference paragraphs 1 to 30 of this complaint as though fully set forth herein.

Answer:   **Defendant restates and reincorporates the answers to allegations contained in paragraphs 1 through 30 as and for the answer to the allegation contained in paragraph 39 as if fully set forth herein.**

40. At all times relevant herein 15 U.S.C. §1681 et seq. was in full force and effect.

Answer:   **Admits.**

41. Once Plaintiff became aware of the outstanding NICOR balance on the Chicago Heights Property, the Plaintiff immediately notified Defendant NICOR of the billing and credit reporting errors arising out of the Chicago Heights Property. However, NICOR failed to take reasonable actions to rectify the erroneous charges and remove the false information from Plaintiff's credit report.

10

Answer:    **Denies.**

42.    Particularly, Defendant NICOR failed to timely investigate the erroneous charges, delete the false information from its own records and notify the various consumer credit reporting agencies of the erroneous and false information previously disseminated.

Answer:    **Denies.**

43.    Defendant NICOR, with reckless disregard for the truth; furnished, continually disseminated and issued consumer information bearing on Plaintiff's creditworthiness to various credit reporting agencies and other entities which contained erroneous, inaccurate and false information about the Plaintiff.

Answer:    **Denies.**

44.    Defendant NICOR failed to properly and timely reinvestigate the information it disseminated despite the notification received from Plaintiff.

Answer:    **Denies.**

45.    NICOR has willfully and/or negligently violated the provisions of the FCRA in the following respects:
   a. Willfully and/or negligently failing to comport with FCRA section 1681s-2(b);
   b. Defaming plaintiff by publishing to third parties information regarding his creditworthiness;
   c. Invading the privacy of Plaintiff;
   d. Committing unfair and deceptive acts against Plaintiff in the course if [sic] its business in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/1;
   e. Failing its duty to prevent foreseeable injury to Plaintiff.

Answer:    **Denies, inclusive of subparagraphs a. through e.**

WHEREFORE, the Defendant, Nicor Gas, denies that Plaintiff is entitled to any relief requested in the Complaint and requests that this Court enter judgment in favor of the Defendant and against the Plaintiff and for such other and further relief as this Court deems just.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim against Nicor Gas upon which relief may be granted.

2. Plaintiff's state law and commons law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. Section 1681, *et seq.*

3. Nicor Gas' reports concerning Plaintiff were true or substantially true.

4. Nicor Gas has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. Sections 1681h(e) and/or 1681(t).

7. At all relevant times, Nicor Gas acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties to this action over whom Nicor Gas has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Nicor Gas has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Nicor Gas' rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Plaintiff has failed to name necessary parties to this action.

15. Nicor Gas reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

                                                                              /s/ Mark D. Roth
                                                                          Attorneys for Nicor Gas

Mark D. Roth
Beata Bukranova
Orum & Roth LLC
53 West Jackson Boulevard, Suite 1616
Chicago, IL  60604-3606
Tel.:   (312) 922-6262