IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUBREY LOCKE, ) | |
| ) | Docket No.: 08 CV 1653 |
| Plaintiff, ) | |
| ) | Judge:    DER-YEGHIAYAN |
| v. ) | |
| ) | Magistrate: JUDGE NOLAN |
| TRANSUNION, LLC, a Delaware limited ) | |
| liability company, NORTHERN ILLINOIS ) | |
| GAS COMPANY, an Illinois corporation, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO TRANSUNION, LLC

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant TRANSUNION, LLC respond to this the Plaintiffs' first production request on or before thirty days (30) days from the date hereof at the offices of Tamari & Blumenthal, LLC, 55 W. Monroe Street, Suite 2370, Chicago, Illinois 60603.

### INSTRUCTIONS

1.  You are required, if you object to any document request on the grounds of privilege, work product, trade secret, or any other grounds, to state for each such objection, the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

2.  If the production of any Document or any portion of any Document responsive to a Document Request is refused based on the assertion of any privilege or attorney work product doctrine, state for each Document or portion of a document being withheld: (i) the nature of the privilege (including work product) which is being claimed; (ii) the type of Document (memorandum, letter report, etc.); (iii) the general subject matter of the Document; (iv) the date of the Document; (v) the author(s), recipients(s), addressee(s), title and number of pages of the Document, and the Document Request to which such Document is responsive; and (vi) such other information as is sufficient to identify the Document for a subpoena *duces tecum* and to permit a request for an *in camera* inspection or other similar review of same.

3.  You are instructed either to produce Documents as they are kept in the ordinary course of business, or to produce Documents organized and labeled to correspond with the categories in

the Document Requests. In addition, Documents are to be produced in full and unexpurgated form.

4. Each Document Request herein requests production of all responsive Documents from the party to whom such Request is directed as well from the person's agents, representatives and, unless privileged, the person's attorneys.

5. Each Document Request is to be responded to separately and as fully as possible. The fact that investigation is continuing and discovery is not complete shall not be used as a reason for failure to respond to any Document Request as fully as possible. The omission of any Document or other item of information from the response shall be deemed a representation that such Document or item is not known to the party to whom such Document Request is directed, its counsel, or other representative or agents of such party.

6. With respect to any responsive Document that was formerly in your possession, custody, or control and has now been lost or destroyed or for some other reason is no longer in your possession, custody, or control, identify the Document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subjects matter, type (memorandum, letter, report, etc.) Actual or approximate date on which the document was lost or destroyed or otherwise no longer was in your possession, custody, or control and if destroyed, the conditions of and reasons for such destruction and the names of the person authorizing and performing the destruction.

7. Notwithstanding any provisions of these instructions to the contrary, if a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document shall be deleted or redacted from the Document and the rest of the Document shall be produced.

8. THIS DOCUMENT REQUEST IS DEEMED CONTINUING THROUGHOUT THE COURSE OF THIS LITIGATION. IF, AT ANY TIME AFTER THE DOCUMENTS ARE PRODUCED PURSUANT TO THIS REQUEST, AND PRIOR TO THE TRIAL OF THIS ACTION, ADDITIONAL RESPONSIVE DOCUMENTS ARE IDENTIFIED AND OBTAINED, SUCH DOCUMENTS SHOULD BE PROMPTLY PRODUCED.

## **DEFINITIONS**

1. The term "document" is used in these interrogatories in its broadest sense and means any record of information of any kind or description, however made, produced, or reproduced, whether by hand or by any electronic, photographic, mechanical or other process. Documents can take the form of any medium on which information can be stored, including, without limitation, computer memory, motion pictures, photographs, film paper, phonograph records, tape recordings, videotapes, and video disks. The term "document" also includes all drafts, all originals, and all non-identical copies, whether different from the original by reasons of any notation made on such copies or otherwise.

2. The terms "identify", "identity", "describe", "description" or "list":

    a.  When used with respect to a natural person, shall mean the legal and any other name used by such person, his or her age, social security number, residential address, occupation, employer, business address, his or her job title and description of his or her duties, and the name of the person's spouse.

    b.  When used with respect to a partnership, shall mean i) the legal name of the partnership, ii) all trade or other names under which the partnership does business, iii) the name and residential address of each general and each limited partner of the partnership, iv) the name of the jurisdiction in which the partnership is registered and of each state in which it is qualified to do business, v) the addresses of all places of business maintained by such partnership, vi) the place at which the business records of the partnership are maintained, and vii) the name and business address of the keeper of the records of the partnership.

    c.  When used with respect to a corporation, shall mean i) the legal name of the corporation, ii) all trade or other names under which the corporation does business, iii) the name and residential address of each officer and director of the corporation, iv) the name and business address of each registered agent of the corporation, v) the principal place of business of the corporation, vi) the name of the jurisdiction in which it is incorporated, vii) all states in which the corporation is legally qualified to conduct business, viii) the place at which the business records of the corporation are maintained, and ix) the name and business address of the keeper of the records of the corporation.

    d.  When used with respect to a document, shall mean i) its customary name or description and identifying number, if any, ii) the date of

3

       the document, iii) the identity of each person or entity who prepared the document, iv) the identity of each person or entity who received the document and a copy thereof and v) the identity of each person or entity who has possession, custody, or control of the document and any copy thereof.

    e.    When used with respect to a tangible thing, shall mean i) its customary name or description and identifying number, if any, ii) the date the tangible thing was made, produced, and, if you did not make or produce the tangible thing, the date you acquired it, iii) the identity of each person or entity who made the tangible thing, iv) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

    f.    When used with respect to a communication, written or oral, means, if written, to identify the document or document in which it is contained; if oral, to state the date and to give the substance of the communications, to state whether it was by telephone or in person, and to state the place where it occurred, or in the case of a telephone communication, the location of each party to the conversation. For any communication which you contend is privileged or otherwise not subject to discovery, identification also means to state the basis for such contention and the grounds upon which an attorney-client privilege is claimed, to identify the attorney and client, the bar of which the attorney is a member, to state whether the attorney is house counsel or outside counsel, to identify all persons present during the communication if oral, or whom received a copy of the communication if written, and to identify all persons to whom the substance of the communication has been disclosed to at any time, in whole or in part.

3. The term "person" or "persons" means any natural person, corporation, partnership, proprietorship, association, organization, public authority, municipal corporation, state government, local government, all governmental bodies, and all other legal entities.

4. The term "defendant" means any and all defendants in this cause, and any and all divisions, subsidiaries, trading groups and related entities of any and every kind.

5. The term "relate" or "relate to" shall be construed to include relating to, indicating, referring to, mentioning, discussing, concerning, responding to, supporting, contradicting, constituting in whole or in part, and being a draft, copy, or summary of, in whole or in part.

6. The term "you" and "yours" unless another intention clearly appears, refers to the party to whom these interrogatories are addressed, and to any of your principals,

agents, employees, representatives, insurers and any persons acting or purporting to act on your behalf, and any persons in active concert and participation with you, whether past or present, without regard to whether or not the relationship exists or has been terminated.

## RULES OF CONSTRUCTION

1. When reference is made to a natural person, the reference includes that person and his or her employees and anyone acting on his or her behalf.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular of any word includes the plural and vice-versa.

4. The use of the masculine pronoun shall include the feminine and vice-versa.

## PLEASE PRODUCE THE FOLLOWING DOCUMENTS

1.   Any and all contracts, agreements, subscription agreements, or other writings of agreement, between you and NORTHERN ILLINOIS GAS COMPANY, and between you and NCO FINANCIAL SYSTEMS, INC.

2.   All correspondence, or documents that relate to any correspondence or communications, between you and NORTHERN ILLINOIS GAS COMPANY, or between you and NCO FINANCIAL SYSTEMS, INC. concerning the facts alleged in plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

3.   All documents, including but not limited to correspondence and communications with any consumer reporting agency, creditor or potential creditor, relative to action taken by you in response to the letter from Tamari and Blumethal, LLC, concerning Plaintiff's account (Exhibit I of Plaintiff's complaint.)

4.   Any and all documents in your possession which would indicate that Plaintiff was responsible for payment for Northern Illinois Gas Company's service during the period in dispute.

5.   All communications to Plaintiff.

6.   All communications from Plaintiff.

7.   All documents you obtained via subpoena.

8.   All documents you intend to introduce into evidence.

9. All documents you intend to use at any deposition.

10. All documents containing any admission made by the Plaintiff.

11. Copies of procedures you have established which are designed to assure the proper reinvestigation of disputed consumer data ad the overall accuracy of the information in your consumer credit database and consumer reports you issued.

12. If any document that is or would have been responsive to Plaintiff's Request for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date and explanation for its destruction. And identify all persons having knowledge of its contents and/or the reason for its destruction.

13. If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request of which it is potential responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

Respectfully submitted by,

Aubrey Locke

_____
By One of His Attorneys

Our File Number: 22-105
Walid Joseph Tamari #6270706
Grant Blumenthal # 6238437
Tamari & Blumenthal, LLC
Attorneys for Plaintiff
55 W. Monroe St., Suite 2370
Chicago, IL 60603
Tel: (312) 236-6200
Fax: (312) 416-7963

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties:

Mark Roth
Orun & Roth, LLC
53 W. Jackson Blvd, Suite 1616
Chicago Illinois 60604

Christopher T. Lane
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis Indiana 46204

Mr. William R. Brown
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN 46204

via first class mail with proper postage prepaid on  7/28/08  .

*[signature]*

Our File Number: 22-105
Walid Joseph Tamari #6270706
Grant Blumenthal # 6238437
Tamari & Blumenthal, LLC
Attorneys for Plaintiff
55 W. Monroe St., Suite 2370
Chicago, IL 60603
Tel: (312) 236-6200
Fax: (312) 416-7963

7