IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUBREY LOCKE, | ) | |
| | ) | Docket No.: 08 CV 1653 |
| Plaintiff, | ) | |
| | ) | Judge:     DER-YEGHIAYAN |
| v. | ) | |
| | ) | Magistrate: JUDGE NOLAN |
| TRANSUNION, LLC, a Delaware limited | ) | |
| liability company, NORTHERN ILLINOIS | ) | |
| GAS COMPANY, an Illinois corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO NORTHERN ILLINOIS GAS COMPANY

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant NORTHERN ILLINOIS GAS COMPANY respond to this the Plaintiffs' first set of interrogatories on or before thirty days (30) days from the date hereof at the offices of Tamari & Blumenthal, LLC, 55 W. Monroe Street, Suite 2370, Chicago, Illinois 60603.

### INSTRUCTIONS

1.  Each interrogatory must be answered separately and fully in writing under the penalties of perjury, unless it is objected to, in which event the reasons for the objection must be stated in lieu of the answer. Each answer or objection must be preceded by the interrogatory to which it responds. The answers must be signed by the person making them. Objections made to any interrogatory must be signed by the person or attorney making them. The party upon whom the interrogatories have been served must serve a copy of the answers and objections, if any, within twenty eight (28) days after the service of the interrogatories, and must forthwith file the original answers.

2.  In answering these interrogatories, you are required to make full and complete answers. You must include in your answers all information that you know or that is available to you, including any and all information that you can obtain from a)

making inquiry of your principals, agents, employees, attorneys, representatives, assignors, other corporations directly under or in the penumbra of your parent corporation, any persons acting or purporting to act on your behalf, and any other persons in active concert and participation with you or with them, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated, and b) making examination of any and all documents or tangible things in your possession, custody or control that in any way refer or relate to the information sought by these interrogatories.

3. Each interrogatory is to be construed as asking for the source of any information provided in your answer thereto, including the identification of each person from whom you obtained any information provided in your answer and a description of any documents or tangible things relied upon by you in making your answer. Unless otherwise specifically so stated in your answer, your answer will be deemed a statement by you of your own knowledge.

4. If you sue or are sued in more than one capacity or if your answers would be different if suing or sued in any different capacity, such as an agent, assignor, assignee, delegor, delegee, or the like, then you are required to answer separately in each capacity.

5. You are required, if you object to any interrogatory on the grounds of privilege, work product, trade secret, or any other grounds, to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

6. Review each and every instruction of this set of instructions. When you have completed your answers to the interrogatories, if you have not complied fully and completely with any of the instructions, describe any instruction that you have not complied with and the grounds for such non-compliance.

7. YOU ARE SPECIFICALLY REQUESTED PURSUANT TO ALL APPLICABLE RULES OF CIVIL PROCEDURE TO SUPPLEMENT ALL OF YOUR ANSWERS TO THESE INTERROGATORIES TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

## DEFINITIONS

1. The term "cause(s) of action" means any and all actions filed by Plaintiff in any and all of its complaints in this action.

2. The term "communication" means the transmittal of information, oral or written, in the form of facts, ideas, opinions, inquires or dialogues of any kind.

3. The term "complaint" means any of plaintiff's complaints filed in this action.

4.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5.  The term "Plaintiff" means Aubrey Locke

6.  The term "Defendants" means TRANSUNION, LLC and NORTHERN ILLINOIS GAS COMPANY.

7.  The term "document" is used in these interrogatories in its broadest sense and means any record of information of any kind or description, however made, produced, or reproduced, whether by hand or by any electronic, photographic, mechanical or other process. Documents can take the form of any medium on which information can be stored, including, without limitation, computer memory, motion pictures, photographs, film paper, phonograph records, tape recordings, videotapes, and video disks. The term "document" also includes all drafts, all originals, and all non-identical copies, whether different from the original by reasons of any notation made on such copies or otherwise.

8.  The terms "identify", "identity", "describe", "description" or "list":

    a.  When used with respect to a natural person, shall mean the legal and any other name used by such person, his or her age, social security number, residential address, occupation, employer, business address, his or her job title and description of his or her duties, and the name of the person's spouse.

    b.  When used with respect to a partnership, shall mean i) the legal name of the partnership, ii) all trade or other names under which the partnership does business, iii) the name and residential address of each general and each limited partner of the partnership, iv) the name of the jurisdiction in which the partnership is registered and of each state in which it is qualified to do business, v) the addresses of all places of business maintained by such partnership, vi) the place at which the business records of the partnership are maintained, and vii) the name and business address of the keeper of the records of the partnership.

    c.  When used with respect to a corporation, shall mean i) the legal name of the corporation, ii) all trade or other names under which the corporation does business, iii) the name and residential address of each officer and director of the corporation, iv) the name and business address of each registered agent of the corporation, v) the principal place of business of the corporation, vi) the name of the jurisdiction in which it is incorporated, vii) all states in which the corporation is legally qualified to conduct business, viii) the place

at which the business records of the corporation are maintained, and ix) the name and business address of the keeper of the records of the corporation.

d. When used with respect to a document, shall mean i) its customary name or description and identifying number, if any, ii) the date of the document, iii) the identity of each person or entity who prepared the document, iv) the identity of each person or entity who received the document and a copy thereof and v) the identity of each person or entity who has possession, custody, or control of the document and any copy thereof.

e. When used with respect to a tangible thing, shall mean i) its customary name or description and identifying number, if any, ii) the date the tangible thing was made, produced, and, if you did not make or produce the tangible thing, the date you acquired it, iii) the identity of each person or entity who made the tangible thing, iv) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

f. When used with respect to a communication, written or oral, means, if written, to identify the document or document in which it is contained; if oral, to state the date and to give the substance of the communications, to state whether it was by telephone or in person, and to state the place where it occurred, or in the case of a telephone communication, the location of each party to the conversation. For any communication which you contend is privileged or otherwise not subject to discovery, identification also means to state the basis for such contention and the grounds upon which an attorney-client privilege is claimed, to identify the attorney and client, the bar of which the attorney is a member, to state whether the attorney is house counsel or outside counsel, to identify all persons present during the communication if oral, or whom received a copy of the communication if written, and to identify all persons to whom the substance of the communication has been disclosed to at any time, in whole or in part.

9. The term "person" or "persons" means any natural person, corporation, partnership, proprietorship, association, organization, public authority, municipal corporation, state government, local government, all governmental bodies, and all other legal entities.

10. The term "relate" or "relate to" shall be construed to include relating to, indicating, referring to, mentioning, discussing, concerning, responding to, supporting, contradicting, constituting in whole or in part, and being a draft, copy, or summary of, in whole or in part.

11. The term "you" and "yours" unless another intention clearly appears, refers to the party to whom these interrogatories are addressed, and to any of your principals, agents, employees, representatives, insurers and any persons acting or purporting to act on your behalf, and any persons in active concert and participation with you, whether past or present, without regard to whether or not the relationship exists or has been terminated.

12. The term "pleadings" shall be construed to include the complaint, answer, affirmative defenses, counterclaims, cross complaints, third party complaints, and any and all amendments to such pleadings.

## RULES OF CONSTRUCTION

1. When reference is made to a natural person, the reference includes that person and his or her employees and anyone acting on his or her behalf.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular of any word includes the plural and vice-versa.

4. The use of the masculine pronoun shall include the feminine and vice-versa.

## INTERROGATORIES

1. Identify the names, addresses, and telephone numbers of all persons who have knowledge of any of the facts, events, or matters that are alleged in plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

ANSWER:


2. Identify all correspondence or documents that relate to any correspondence or communications between you and TRANSUNION, LLC concerning the facts alleged in plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

ANSWER:

3.  Identify each person whom you may call as an expert witness at trial including name, business address, and telephone number, and the substance of the facts and opinions to which the expert may testify, and summarize the grounds for each opinion.

ANSWER:

4.  Please state the name, address, and title of the person responsible for generating the document, a copy of which is attached as exhibit A to Plaintiff's complaint, which informed the Plaintiff that, "as you requested, your gas service has been turned off," the name of the department responsible for generating the notice, and the name, address, and title of that person's supervisor.

ANSWER:

5.  State all of the facts and describe all actions you took, including but not limited to correspondence and communications with any consumer reporting agency, creditor or potential creditor, with reference to the Plaintiff's letters concerning his account.

ANSWER:

6.  Please describe the relationship between NORTHERN ILLINOIS GAS COMPANY and NCO FINANCIAL SYSTEMS.

ANSWER:

7.  Please state whether you ever reported to TRANSUNION the fact, as evidenced in NCO Financial System's letter to Plaintiff dated October 2, 2007 (Exhibit J of Plaintiff's complaint), that the Plaintiff's account was closed.

ANSWER:

8.  Please identify any and all documents in your possession which would indicate that Plaintiff was responsible for payment for Northern Illinois Gas Company service during the period in dispute.

ANSWER:

9.  If any document that is or would have been responsive to Plaintiff's Request for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date and explanation for its destruction. And identify all persons having knowledge of its contents and/or the reason for its destruction.

ANSWER:

10.  If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject

matter, length and the request of which it is potential responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

ANSWER:

11.    State whether you have reported data on Plaintiff's consumer report which is inaccurate and, if so, state why such inaccurate information was placed on his consumer report)\(s), state the date(s) such report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on his consumer report.

ANSWER:

12.    State the procedures you have established which are designed to assure the proper reinvestigation of disputed consumer data ad the overall accuracy of the information in your consumer credit database and consumer reports you issued.

ANSWER:


The undersigned swears and/or affirms under oath, and penalties of perjury, that the foregoing answers to interrogatories are true to the best of my knowledge.


_____
Signature


_____
Print Name


_____
Date

Respectfully submitted by,

Aubrey Locke

_____
By One of His Attorneys

Our File Number: 22-105
Walid Joseph Tamari #6270706
Grant Blumenthal # 6238437
Tamari & Blumenthal, LLC
Attorneys for Plaintiff
55 W. Monroe St., Suite 2370
Chicago, IL 60603
Tel: (312) 236-6200
Fax: (312) 416-7963

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served on the following parties:

Mark Roth
Orun & Roth, LLC
53 W. Jackson Blvd, Suite 1616
Chicago Illinois 60604

Christopher T. Lane
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis Indiana 46204

Mr. William R. Brown
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN 46204

via first class mail with proper postage prepaid on _____7/28/08_____.

_____
Our File Number: 22-105
Walid Joseph Tamari #6270706
Grant Blumenthal # 6238437
Tamari & Blumenthal, LLC
Attorneys for Plaintiff
55 W. Monroe St., Suite 2370
Chicago, IL 60603
Tel: (312) 236-6200
Fax: (312) 416-7963